UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| *In re* | § | |
| | § | |
| TMT Procurement Corporation, *et al.*, | § | Bankruptcy 13-33763 |
| | § | |
| Debtors. | § | |

---

| | | |
|---|---|---|
| Hsin Chi Su, | § | |
| Appellant, | § | |
| | § | Civil Action H-14-2172 |
| v. | § | *Jointly administered with* |
| | § | Civil Actions H-14-2167 and |
| TMT Procurement Corporation, *et al.*, | § | H-14-2177 |
| Appellees. | § | |
| | § | |

# Opinion on Appeal

### 1. Introduction

Hsin Chi Su guaranteed loans that were used to build and buy large cargo vessels. The owners defaulted on the loans, and Su did not pay the debt he guaranteed. A bankruptcy court ordered that the vessels be sold at auction. Su appeals the bankruptcy court's orders authorizing the sales. Su's appeals are moot.

### 2. Background

Su was the president of multiple corporations that bought and operated large cargo vessels. Those corporations included Whale A, Whale B, Whale D, Whale G, and Whale H, Inc. Each Whale corporation owned a vessel with a corresponding name, Whales A, B, D, G, and H.

The Whale vessels incorporated Su's patented technology. The technology allowed the vessels to transport both oil and ore.

Su personally guaranteed the loans used to purchase the vessels. When the vessels did not generate enough revenue to cover their costs, the Whale corporations filed petitions for reorganization under Chapter 11 of the United States Bankruptcy Code. The bankruptcy cases for the Whale corporations were administered as a part of a much larger bankruptcy proceeding. Su joined the bankruptcy proceeding as guarantor of the debt.

All parties to the bankruptcy action, including the debtors and the lenders, agreed to sell the vessels. They proposed a sale process that would employ a professional broker to obtain competitive bids and sell the vessels at auction. The bankruptcy court approved the sale process. Su did not object.

A professional broker solicited bids from the market. The winning bids were not enough to satisfy the full amount financed, leaving Su liable for the balance of the loans. Su objected to selling Whales A, B, D, G, and H free and clear of his foreign patent rights. He also alleged that the vessels were marketed in a manner that was designed to depress their price. Over Su's objections, the bankruptcy court approved the sale of the vessels to the winning bidders free and clear of all claims and interests, including Su's patent claims.

Su moved for a stay pending appeal. The stay was denied by the bankruptcy court, this court, and the United States Court of Appeals for the Fifth Circuit. The Whale vessels were sold.

Su appealed the sale orders for Whales A, B, D, G, and H. This court issued orders to jointly administer the appeals. Su says that the bankruptcy court erred when it approved the sales of the vessels free and clear of claims and interests. Su also says the bankruptcy court erred when it found that the buyers bought the vessels in good faith. Su argues that the bankruptcy court's sale orders should be reversed and vacated.

*3. Jurisdiction*

Su argues that the bankruptcy court had no subject matter jurisdiction to approve the sale of the vessels. According to Su, when the vessels were sold so were his patent rights in the technology embodied in the vessels. Su argues the bankruptcy court did not have jurisdiction to transfer his patent rights.

    a. *Sale of the vessels exhausted Su's patent rights.*

Su argues that he retains the right to control the buyers' use of the vessels because he owned the patents for the technology embodied in the vessels. Su sees the vessel sales as including the sale of his patent rights, and he argues the bankruptcy court lacked jurisdiction to enter the sales orders because his patents were registered in foreign countries.

The sale of the vessels did not transfer or license Su's patents. In a string of patent suits filed against the lenders, this court has already rejected Su's argument. This court found that "[n]o patent rights were sold; only the vessel." *Hsin Chi Su v. MRMBS II, LLC*, No. CV H-14-2163, 2018 WL 6427867, at *1 (S.D. Tex. Dec. 7, 2018). The court's holding was based on the well-settled rule of patent exhaustion. That is, when a patented item is sold, the patentee loses the right to control that item through the patent laws. *See Impression Prod., Inc. v. Lexmark Int'l, Inc.*, 137 S. Ct. 1523, 1532 (2017) ("[The] smooth flow of commerce would sputter if companies that make the thousands of parts that go into a vehicle could keep their patent rights after the first sale.").

    b. *The bankruptcy court had subject matter jurisdiction to order the sale.*

The bankruptcy court's orders approving the vessel sales constituted a core proceeding, over which the bankruptcy court had jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(N) (allowing bankruptcy judges to hear and determine "core proceedings," including orders approving the sale of property), 1334 (granting district courts subject matter jurisdiction of all cases under title 11); *see also* General Order 2012-6

3

(S.D. Tex. May 24, 2012) (automatically referring bankruptcy proceedings arising under title 11 to the bankruptcy court).

### 4. Mootness

Su's appeals are moot. Under the Bankruptcy Code, absent a stay, reversal of an authorization to sell an asset does not affect the validity of the sale made in good faith. 11 U.S.C. § 363(m). Here, there was no stay. Su's appeal is moot unless he can show the buyers purchased the vessels in bad faith.

The bankruptcy court's factual findings are subject to a clearly erroneous standard of review on appeal. *Texas v. Soileau (In re Soileau)*, 488 F.3d 302, 305 (5th Cir. 2007); *see, e.g., Hytken v. Williams (In re Beach Dev. LP)*, No. 07-20350, 2008 WL 2325647, at *3 (5th Cir. June 6, 2008) (applying the clearly erroneous standard to the bankruptcy court's finding of good faith as it relates to § 363(m)). As the appellant, Su has the burden to show that particular findings are clearly erroneous. *Falcon Constr. Co. v. Economy Forms Corp.*, 805 F.2d 1229, 1232 (5th Cir. 1986). This court will not reverse the bankruptcy court unless this court is "left with the definitive and firm conviction that a mistake has been committed." *See Flint Hills Res. LP v. Jag Energy, Inc.*, 559 F.3d 373, 375 (5th Cir. 2009).

Su has not met his burden. After three days of hearings during which many witnesses testified, the bankruptcy court found that the buyers purchased the vessels in good faith. The court's independent review of the record confirms the bankruptcy court's conclusion. Su merely rehashes allegations that were carefully reviewed and rejected by the bankruptcy court. There is no evidence of bad faith. It appears to the court that the bidding and sale processes were conducted professionally and appropriately.

The bankruptcy court's findings stand. Because the vessels were sold in good faith, this court cannot grant the relief that Su seeks. *See* 11 U.S.C. § 363(m). Su's appeal is moot.

Equitable principles also support this conclusion. An appeal can become moot when the proceedings have proceeded so far "such that

effective judicial relief is no longer available—even though there may still be a viable dispute between the parties on appeal." *See Matter of Manges*, 29 F.3d 1034, 1039 (5th Cir. 1994). Here, the stay was denied, and the vessels were sold. Finality takes precedence over Su's alleged, but dubious, competing interests.

*5. Conclusion*

Su's appeal is moot. The court affirms the bankruptcy court's orders approving the sale of the vessels. A separate final judgment will issue.

Signed on February 18, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge